4 U.S. 208 (____)
4 Dall. 208
Water's Executors
versus
M`Clellan et al.[(2)].
Supreme Court of United States.

SHIPPEN, Chief Justice.
1st. It is incumbent on the plaintiff, to prove his property in the goods, which were taken by the sheriff; and to do this, he has produced evidence of a former distress and sale, of the same goods, for rent due from Dewees to him. But the defendants answer, that the distress was fraudulent; because (among other reasons) the goods were left in the possession of the debtor. In the case of a voluntary sale of goods, the law, both in Pennsylvania and England, regards the continuance of the debtor's possession, as a badge of fraud. In England, the law is the same, where the sale is made by the sheriff; but in Pennsylvania a different rule, in that case, has prevailed; and where a relation, or friend, after a fair purchase, at public sale, leaves the goods in the occupancy and use of the debtor, it never has been deemed a fraud upon creditors. As, therefore, the purchase, on the present occasion, was not by a private bill of sale; but at an open, public, vendue; the continued possession *209 by Dewees does not, in the opinion of the Court, justify the defendant's taking and sale.[(3)]
2d. It has been objected, for the defendants, that the plaintiff was bound to show, that the distress was made on the premises; whereas, at least, a part of the goods appears to have been distrained elsewhere. However available this objection might have been upon a replevin, between the original parties, we do not think, that third persons can take advantage of it.
3d. It is urged, that there were a number of young cattle taken on the distress; and that as these have been fed, and reared, by the care and cost of Dewees, he had acquired a property in their increased value. Of the truth and operation of this allegation, the jury will consider: and, if they are of opinion, that the expense of maintaining, has exceeded a fair compensation for the use of the cattle, they will make a reasonable deduction from the plaintiff's demand.
Verdict for the plaintiff.
NOTES
[(2)] Tried in the Circuit Court, West-Chester, 29th of May 1800, before SUIPPEN, Chief Justice, and YEATES, Justice.
[(3)] The defendant's counsel cited the following cases on this point: 3 Co. 81. 2 T. Rep. 594, 5, 6. 1 Wils. 44. But see Levy v. Wallis, ante, p. 167, 8. Chancellor v. Phillips, post. The United States v. Cunningham, post.